MODERN WOODMEN OF AMERICA v. HORNBEAK.—74 S. W. (2d) 384.

Western Section. December 15, 1933.

Petition for Certiorari Denied by Supreme Court, June 23, 1934.

Pigford & Key, of Jackson, for appellant.
John F. Hall, of Jackson, for appellee.

SENTER, J.  Plaintiff below, G. A. Hornbeak, who will be referred to herein as plaintiff, sued Modern Woodmen of America, the defendant, and will be hereinafter referred to as the defendant, on account for services alleged to have been rendered while serving as district deputy of the defendant, under a contract or commission issued to plaintiff by defendant for the year 1931.  The amount sued for in the justice of the peace court was $213.14.  From a judgment in favor of plaintiff in the justice of the peace court, the defendant appealed to the circuit court of Madison county, where the case was tried before the circuit judge and a jury, resulting in a jury verdict in favor of plaintiff for the sum of $213.15.  A motion for a new trial by defendant was overruled and judgment rendered on the jury verdict for plaintiff.  From the action of the court in overruling its motion for a new trial and in rendering judgment in favor of plaintiff, the defendant prayed and was granted an appeal in the nature of a writ of error to this court.  Errors have been assigned.

There is some conflict in the evidence.  However, it appears that plaintiff had been employed for many years prior to 1931 by the defendant as a district deputy.  His commission for the year 1929 was extended without the issuance of a new commission or a new application for the year 1930, although it appears that it was the custom of the defendant to have district deputies to make out a new application for each year, and a new commission to issue.  Early in January, 1931, plaintiff made a new application for the position of district deputy in certain territory designated as District No. 14, comprising the counties of Madison, Crockett, Haywood, and Mcnairy, in the state of Tennessee, and a new commission was issued to him for the year 1931.

The principal controversy arises out of the compensation form. It is the contention of the defendant that a new schedule of compensation, which differed materially from the former schedule, was inclosed with the 1931 commission to plaintiff, and that under that schedule, which is referred to as form No. 1003, defendant had overpaid plaintiff, and that plaintiff was in fact indebted to the defendant for the sum of $155.19, representing the amount which defendant had overpaid to plaintiff, after charging back to plaintiff certain items authorized under said schedule of compensation under form No. 1003, and by way of counterclaim sought a recovery from plaintiff for said sum.

The contention of plaintiff is that he did not receive any new schedule of compensation with the commission sent him for the year 1931, but that the commission referred to the former schedule, form

No. 1123. It is further contended by plaintiff that the first intimation or notice that he had from the defendant that there was a new schedule of compensation was in a letter which he received from the defendant on August 31, 1931. He testified that defendant settled with him for each month from January, 1931, to July, 1931, on the basis of compensation as provided by form No. 1123, and not receiving his compensation check for the month of July, which he was due to receive by August 20, he wrote the defendant inquiring as to why his compensation for July had not been paid. In reply to that letter the defendant wrote him that his compensation was computed or calculated under the new schedule for 1931. Upon the receipt of this letter, which included the schedule of compensation which contained certain provisions with reference to charging back commissions on insurance certificates where not more than two monthly payments had been made, and which provisions were not contained in the form No. 1123, he promptly advised the defendant that he would not continue work under the provisions of schedule of compensation of said new form No. 1003, and whereupon the defendant notified him to continue working, and he continued for the remaining six months of the year, under the schedule of compensation provided under form No. 1123. He testified that he had never received any notice or information from the defendant of any change in the schedule of compensation or any change in the provisions with reference to the matter of computing compensation, or that form No. 1003 had been promulgated, until the letter of August 31, 1931.

It is not contended that if the schedule of compensation as provided by form No. 1123 is to control, plaintiff's claim is not good.

The defendant also relies upon certain provisions contained in the commission to the effect that the defendant, through its head consul, reserves the right to make new rules, or to modify rules and regulations governing the compensation of district deputies without notice, etc.

By the several assignments of error it is the contention of appellant that the court erred: First, in not granting a motion for a new trial on the ground that there was no material evidence to support the verdict. Second, because the uncontroverted proof shows that plaintiff was working under a commission issued in January, 1931, and under the terms of said contract plaintiff was only entitled to compensation on the certificates obtained by him where more than two installments or assessments had been paid, and that plaintiff had been fully compensated for all such certificates procured by him. Third, that it was error to permit plaintiff to testify over the objection of defendant as to the terms of the contract for the years 1930 and 1931, since said contracts have expired and a new contract entered into for the year 1931; and that it was error for the court to permit plaintiff to testify with reference to form No.

1123, covering compensation for the years 1930 and 1931, since said contracts of which said form No. 1123 was a part, had expired by its own limitation under the terms of the contract. Fourth, that it was error to permit plaintiff to testify with reference to form No. 1123, because said testimony is immaterial and irrelevant and tended to confuse the minds of the jury, and the issues involved. Fifth and sixth, that the court erred in failing to sustain the motion of defendant for a directed verdict in its favor made at the conclusion of all the evidence, on the ground that under the uncontroverted evidence plaintiff was working under a commission issued in January, 1931, covering the year 1931, and under the terms and conditions of said contract plaintiff was only entitled to compensation on those certificates obtained by him and issued by the company upon which more than two installments or assessments had been paid. The seventh assignment is directed to the action of the court in dismissing defendant's counterclaim, and in taxing it with the costs of the cause.

It will be observed that there is no error assigned to the charge of the court. At the conclusion of all the evidence the defendant moved for a peremptory instruction in its favor. The court overruled this motion, and the case was submitted to the jury. The charge of the court to the jury submitted the respective theories of the parties in a very full, accurate, and comprehensive charge.

The jury evidently accepted the evidence of plaintiff, to the effect that plaintiff did not receive with his 1931 commission the new schedule of compensation referred to as form No. 1003; that the defendant made regular monthly settlements with plaintiff for the first six months of the year 1931 on the basis of computation as provided by schedule form No. 1123; that the first notice which plaintiff had that there was such a schedule as form No. 1003 was given him by defendant in the letter from the head consul of August 31, 1931, which was in reply to a letter by plaintiff to defendant with reference to his July compensation not having been paid by August 20, the date he was due to receive it; that he promptly repudiated the new schedule and notified defendant that he would not work under the new schedule or form No. 1003, and whereupon defendant wrote or wired plaintiff, in reply, as follows:

"Nashville, Tennessee,

"G. A. Hornbeak,

"Jackson, Tennessee.

"You have been re-instated until first of next year. Go to work."

This advice from defendant's head consul, we think, was clearly understood by plaintiff that he was to continue the work under the same schedule of compensation under which he had previously worked. It does not appear that he had ever been discharged, and the jury was well warranted in believing that the above telegram

or letter was in reply to the letter that plaintiff had written announcing that he would not work under the new schedule.

██ ██ We do not deem it important to take up each of the assignments of error, since we are of the opinion that it was competent for the plaintiff to show that he had never been notified of any change in the schedule of compensation or of any new rule or provision until he received the letter of August 31, 1931. If it be conceded that the defendant reserved arbitrary powers with reference to changing the form of contract, and compensation, and terms and conditions, without the consent of plaintiff the fact remains that the defendant did compensate plaintiff for the first six months under the terms of form No. 1123. Also, it appears that when plaintiff received the letter inclosing the new schedule on August 31, he promptly notified defendant that he would not work under the provisions of that schedule, and would quit before he would work under form No. 1003. Whereupon, defendant wrote or wired the above advice, which we think was a ratification by the defendant of plaintiff's contention to the effect that he was entitled to be compensated under the former schedule, No. 1123.

There was material evidence to support this contention of plaintiff, and the jury, by its verdict, concurred in by the trial judge, has settled the issue in favor of plaintiff.

It results that we find no error, and the assignment of errors is accordingly overruled and the judgment affirmed. Appellant will pay the cost of this appeal.